IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID E. CLAYTON, | : |
| Plaintiff | : |
| VS. | : CIVIL ACTION NO.: 5:09-CV-411 (CAR) |
| JONES COUNTY SHERIFF'S DEPT.; ROBERT N. REECE; GOVERNOR, STATE OF GEORGIA; ROD BLAGOJEVICH; CITY OF CHICAGO; THOMAS J. DART; COOK COUNTY ILLINOIS, | : |
| Defendants | : |

**ORDER**

Plaintiff **DAVID E. CLAYTON**, an inmate at the Cook County Jail in Chicago, Illinois, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

### *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated December, 1, 2009, the Court granted plaintiff's application to proceed *in forma pauperis* but ordered that he pay an initial partial filing fee. Plaintiff did pay the initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## III.  STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states he was arrested on March 20, 2008 in Jones County Georgia on the basis of a fugitive warrant from Illinois.  Plaintiff alleges that on April 24, 2008, he "went to court and the judge told [him] that [his] state had 10 business days to pick [him] up or they would have to let [him] go."  (Pl's. November 20, 2009 Compl., p. 5).  Plaintiff states that he signed a waiver of extradition on this same date–April 24, 2008.  Plaintiff complains that Illinois did not pick him up until May 6, 2009.  Plaintiff claims he was "deliberate[ly] deprived of his due process and equal protection under the fourteenth amendment by being held over 2 days after the time had expired to extradite him."  (Pl's. November 20, 2009 Compl. p. 6).  Plaintiff alleges this two day delay made him become "emotionally distressed."  (Pl's. Supp. to Compl.).

The Court first notes that plaintiff has named the Jones County Sheriff's Department as a defendant.  Sheriff's departments are not legal entities subject to suit.  *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984).

Based on his own allegations, however, plaintiff's complaint must be dismissed as frivolous. Plaintiff alleges that on April 24, 2008 (which was a Thursday), he was told that Illinois had ten (10) business days to pick him up. Ten business days from April 24, 2008 was Thursday, May 8, 2008. Plaintiff states that Illinois picked him up on May 6, 2008. This was within the ten business days. Based on the dates provided by plaintiff himself, he was extradited in a timely manner within ten business days from April 24, 2008.

Accordingly, plaintiff's action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 4th day of March, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb